Andrea Santarsiere (WY Bar 7-5396)
Center for Biological Diversity
Box 469
Victor, ID 83455
(303) 854-7748
asantarsiere@biologicaldiversity.org

Wendy Park (CA Bar 237331), *pro hac vice application pending*
Center for Biological Diversity
1212 Broadway #800
Oakland, CA 94612
(510) 844.7100, ext. 338
wpark@biologicaldiversity.org

Michael Saul (CO Bar 30143), *pro hac vice application pending*
Center for Biological Diversity
1536 Wynkoop St., Suite 421
Denver, CO 80202
(303) 915-8303
msaul@biologicaldiversity.org

Sarah Stellberg (ID Bar10538), *pro hac vice application pending*
Advocates for the West
P.O. Box 1612
Boise, ID 83701
(208) 342-7024
sstellberg@advocateswest.org

Attorneys for Petitioners

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2020 FEB 19  AM 11: 01

MARGARET BOTKINS, CLERK
CHEYENNE

## UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| UPPER GREEN RIVER ALLIANCE, ) WESTERN WATERSHEDS PROJECT, and) CENTER FOR BIOLOGICAL DIVERSITY)     *Petitioners*, ) v. ) ) UNITED STATES BUREAU OF LAND ) MANAGEMENT and WILLIAM PERRY ) PENDLEY, in his official capacity as ) Deputy Director of the U.S. Bureau of Land ) Management, )     *Respondents*, ) ) and ) | No. 2:19-cv-146-SWS AMENDED PETITION FOR REVIEW OF AGENCY ACTION (Normally Pressured Lance) Judge:     Hon. Scott W. Skavdahl Magistrate:  Hon. Kelly H. Rankin |

```
                                    )
JONAH ENERGY, LLC and STATE OF      )
WYOMING                             )
        Respondent-Intervenors.     )
```

1.      Pursuant to District of Wyoming Local Rule 83.6 and *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560 (10th Cir. 1994), Petitioners Upper Green River Alliance, Western Watersheds Project, and Center for Biological Diversity respectfully petition the court for review of Respondent Bureau of Land Management's (BLM) August 2018 Record of Decision (ROD) and supporting June 2018 Final Environmental Impact Statement (FEIS) for the "Normally Pressured Lance" (NPL) natural gas field development project in southwestern Wyoming. On August 27, 2018, BLM's Wyoming State Director Mary J. Rugwell signed the Record of Decision for the NPL Project. The decision is final and subject to this Court's review pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 706. Petitioners seek the Court's review under the APA for violations of the National Environmental Policy Act (NEPA) and Federal Land Policy and Management Act (FLPMA).

2.      Petitioners initially challenged the NPL Project in the District of Idaho, and the NPL-Project claims were severed and transferred to this Court. (Dkt. 1.) This petition initiates the Court's review of the NPL Project, in accordance with Wyoming Local Rule 83.6. Petitioners style it as an "amended petition," because it adds Petitioner Upper Green River Alliance; adds Respondent BLM Deputy Director William Perry Pendley, exercising authority of BLM's Director; and removes the U.S. Department of Interior and its Secretary and Deputy Secretary as defendants. Pursuant to Fed. R. Civ. P. 15(a)(2), Respondents and Respondent-Intervenors have consented in writing to the filing of an amended petition and the addition and removal of parties through the amended petition. (Attachment A.)

2

3.      The NPL Project allows Jonah Energy, LLP (Jonah) to drill and hydraulically fracture 3,500 gas wells across the Project Area, which spans 220 square miles of unspoiled sagebrush landscape in Sublette County and provides prime habitat for two iconic Wyoming species: pronghorn and Greater sage-grouse. Jonah's plans to develop wells, roads, pipelines, and gas compressor stations threaten to cut off the world-famous "Path of the Pronghorn"—a 170-mile migration between Grand Teton National Park and pronghorn wintering grounds in the Upper Green River Valley. The Path of the Pronghorn is one of the longest large mammal migrations in the lower 48 and one of the few remaining long-distance migrations in the world. Development within any segment of the Path of the Pronghorn could spell the end of this extraordinary 5,800 year-old phenomenon and Grand Teton National Park's pronghorn herd.

4.      The NPL Project also threatens to destroy and disturb vast areas of sage-grouse habitat, and cause severe decline of already dwindling sage-grouse populations in one of Wyoming's few remaining strongholds for sage-grouse. Nearly one-fifth of the Project Area, or 42 square miles, consists of the state's only designated "winter concentration areas," to which local sage-grouse populations migrate in the winter to survive Wyoming's harsh and snowy winters. Over one-third of the Project Area, or 75 square miles, encompasses sage-grouse priority habitat—areas of the highest conservation value for maintaining or increasing sage-grouse populations.

5.      Contrary to NEPA's requirements, BLM failed to fully disclose in the FEIS the Project's harms to pronghorn and their migratory routes, including the Grand Teton herd and the Path of the Pronghorn. BLM also failed to study impacts to Greater sage-grouse winter concentration areas, and local priority-habitat populations that use these wintering areas, in violation of NEPA. Accordingly, Petitioners seek to compel BLM's consideration of these

3

significant harms and reasonable measures to protect irreplaceable habitats and pronghorn and sage-grouse populations, as required by NEPA and FLPMA.

6.      Venue is proper in this Court under 28 U.S.C. § 1391(e)(1) because a substantial part of the events or omissions giving rise to the claims herein occurred within this district. The NPL Project Area is located in Wyoming, and the NPL Project ROD and FEIS were approved by the BLM's Wyoming State or field offices.

7.      Petitioner UPPER GREEN RIVER ALLIANCE (Alliance) is a non-profit organization with over 200 supporters. The Upper Green River Alliance is a group of concerned citizens and landowners committed to maintaining clear air, clean water, and abundant wildlife in the Upper Green River Valley of Wyoming. The Alliance is based in Pinedale, Wyoming.

8.      WESTERN WATERSHEDS PROJECT (WWP) is a non-profit corporation with more than 12,000 members and supporters, which is dedicated to protecting and restoring wildlife and watersheds throughout the American West. WWP is based in Hailey, Idaho, and has staff in Wyoming and other western states.

9.      Petitioner CENTER FOR BIOLOGICAL DIVERSITY (Center) is a non-profit organization with more than 74,000 members, and is dedicated to the preservation, protection, and restoration of biodiversity, native species, and ecosystems. The Center was founded in 1989 and is based in Tucson, Arizona, with offices or staff throughout the country.

10.     Petitioners, and their staff, members, and supporters, have direct interests in the NPL Project challenged in this action, because they threaten wildlife and environmental values of enormous importance, including greater sage-grouse, pronghorn antelope, and others that use the area of southwestern Wyoming threatened with habitat loss and fragmentation from the NPL Project.

4

11.     Petitioners have staff, members, and supporters who work, live, and/or recreate throughout the public lands of the NPL Project Area as well as the larger sage-grouse, pronghorn antelope, and other wildlife habitats where adverse impacts from the NPL Project will occur, such as Grand Teton National Park; and they regularly visit and use the public lands in those areas to observe and study the greater sage-grouse, pronghorn antelope, and the larger sagebrush-steppe ecosystem at issue. Petitioners' members, supporters and staff derive recreational, aesthetic, scientific, inspirational, educational, and other benefits from these activities and have an interest in preserving the possibility of such activities in the future.

12.     Petitioners have participated extensively in BLM's processes for approvals of the NPL ROD and FEIS, and have exhausted all legally required administrative remedies before bringing this action.

13.     Respondent BLM's violations of FLPMA, NEPA, and APA in approving the NPL ROD and FEIS have injured the aesthetic, commercial, conservation, scientific, recreational, educational, wildlife preservation, procedural, and other interests of Petitioners and their staff, members, and supporters. These are actual, concrete injuries caused by Respondent's violations of law, for which judicial relief is required to remedy those harms. The relief sought herein would redress these injuries. Petitioners have no other adequate remedy at law.

14.     Respondent UNITED STATES BUREAU OF LAND MANAGEMENT (BLM) is a federal agency within the Department of Interior. BLM has been delegated authority from the Secretary of Interior to manage the public lands in and around the NPL Project area in accordance with FLPMA, NEPA and other requirements of law. BLM is the agency responsible for approving the NPL Project ROD and FEIS.

15.     Respondent WILLIAM PERRY PENDLEY is sued in his official capacity as
Deputy Director of Bureau of Land Management exercising authority of the Director. As Deputy
Director, Mr. Pendley oversees the agency's management of public lands and is responsible for
managing public lands under BLM authority, including lands and resources in Wyoming subject
to the decision at issue herein, in accordance with NEPA, FLPMA, and other federal laws.

16.     Respondent-Intervenor JONAH ENERGY LLC (Jonah) is the private entity
approved to conduct oil and gas drilling and development on public lands administered by BLM
as part of the NPL Project ROD. Jonah was previously granted intervention in the District of
Idaho action from which Petitioners' claims were severed and transferred to this Court.

17.     Respondent-Intervenor STATE OF WYOMING was previously granted
intervention in the District of Idaho action from which Petitioners' claims were severed and
transferred to this Court.

18.     Petitioners seek review of the NPL Project ROD and FEIS on the following
grounds:

A.     NEPA requires federal agencies to prepare an Environmental Impact
Statement (EIS) for all "major federal actions significantly affecting the quality of the human
environment," 42 U.S.C. § 4332(2)(C), to ensure fully informed decision-making and provide for
public participation in environmental analysis and decision-making. 40 C.F.R. § 1500.1(b)-(c).
NEPA and its implementing regulations require disclosure and consideration of reasonable
alternatives, *id.* § 1502.14(a), and direct, indirect, and cumulative effects in an EIS. *Id.* §§
1502.16, 1508.7, 1508.8. This information must be made available to public officials and citizens
"before decisions are made and before actions are taken." 40 C.F.R. § 1500.1(b).  BLM violated
NEPA by failing to disclose in the NPL Project FEIS the direct, indirect, and cumulative impacts

6

of the NPL Project and its alternatives on sage-grouse, pronghorn, Grand Teton National Park, and other resources; by failing to take a hard look at the potential loss of the Path of the Pronghorn, the extirpation of pronghorn in Grand Teton National Park, and disruption of sage-grouse winter concentration areas and local populations that depend on these areas; and by failing to consider a reasonable range of alternatives, including an alternative to protect pronghorn migratory routes.

B.      FLPMA directs BLM (acting under delegation from the Secretary of Interior) to develop and adhere to resource management plans (RMP) in its management of public lands and resources.  43 U.S.C. § 1701(a)(2), (7). Once an RMP is adopted, "[a]ll future resource management authorizations and actions… shall conform to the approved plan."  43 C.F.R. § 1610.5-3(a). This is known as the FLPMA "consistency requirement." In approving the NPL Project ROD, BLM violated FLPMA for failure to adhere to provisions of the 2015 Sage-Grouse Resource Management Plan Amendments adopted for the Pinedale and Rock Springs Field Offices, which govern management of sage-grouse and other resources in the NPL Project Area.

WHEREFORE, Petitioners respectfully request that the Court grant the following relief:

A.      Order, adjudge, and declare that Respondent BLM violated NEPA, FLPMA, their implementing regulations and policies, and/or the APA in approving the NPL Project ROD and FEIS;

B.      Reverse, set aside, hold unlawful, and/or vacate the NPL Project ROD and FEIS, and remand them to BLM;

C.      Enter such preliminary and/or permanent injunctive relief as Petitioners may specifically request hereafter;

7

D.      Award Petitioners their reasonable costs, litigation expenses, and attorney's fees associated with this litigation under the Equal Access to Justice Act, 28 U.S.C. §§ 2412 *et seq.*, and/or all other applicable authorities; and/or

E. Grant Petitioners such further and additional relief as this Court may deem just and proper.

Dated the $\underline{18}$th day of February, 2020.          Respectfully submitted,

Andrea Santarsiere (WY Bar 7-5396)
Center for Biological Diversity
Box 469
Victor, ID 83455
(303) 854-7748

Wendy Park (CA Bar 237331)
Center for Biological Diversity
1212 Broadway #800
Oakland, CA 94612
(510) 844.7100, ext. 338

Michael Saul (CO Bar 30143)
Center for Biological Diversity
1536 Wynkoop St., Suite 421
Denver, CO 80202
(303) 915-8303

Sarah Stellberg (ISB #10538)
*Advocates for the West*
P.O. Box 1612
Boise, ID 83701
(208) 342-7024
(208) 342-8286 (fax)

Attorneys for Petitioners

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Amended Petition for Review of Agency Action with Attachment A has been served upon:

Jeremy A. Gross
United States Attorney's Office
PO Box 668
2120 Capitol Avenue, 4th Floor
Cheyenne, WY 82003-0668

Luther L. Hajek
United States Department of Justice
Environment & Natural Resources
Division
999 18th Street
Denver, CO 80202

Kathleen C. Schroder
Gail L. Wurtzler
R. Kirk Mueller
Davis Graham & Stubbs LLP
1550 Seventeenth Street
Suite 500
Denver, CO 80202

Erik Edward Petersen
Wyoming Attorney General's Office
2320 Capitol Avenue
Cheyenne, WY 82002

Michael M. Robinson
Wyoming Attorney General's Office
123 Capitol Building
Cheyenne, WY 82002

by placing the same, postage prepaid in the United States mail on this 18 day of February, 2020.

Andrea Santarsiere

Andrea Santarsiere

9