

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
8:29 am, 11/6/20
**U.S. Magistrate Judge**

# United States District Court

## For The District of Wyoming

---

UPPER GREEN RIVER ALLIANCE,
WESTER WATERSHEDS PROJECT, and
CENTER FOR BIOLOGICAL
DIVERSITY,

               Petitioners,

     vs.

UNITED STATES BUREAU OF LAND
MANAGEMENT and WILLIAM PERRY
PENDLEY, in his official capacity as
Deputy Director of the U.S. Bureau of Land
Management,

               Respondents,
and

JONAH ENERGY, LLC, and STATE OF
WYOMING,

         Respondent-Intervenor.

Civil No. 19-CV-146-S

---

## ORDER GRANTING, IN PART, PETITIONERS' MOTIONS TO SUPPLEMENT THE ADMINISTRATIVE RECORD [39]

---

      This matter is before the Court on Petitioners' Motion to Supplement the Administrative Record [Doc. 39]. The Court, having carefully considered the briefing on the matter, finds Petitioners have sufficiently shown the Declaration of Dr. Clait E. Braun is admissible for the limited purpose of addressing the alleged procedural deficiency in the Bureau of Land Management's decision allowing development of natural gas wells in Sublette County, Wyoming.

BACKGROUND

This action is originally before the Court on Petitioners' review of agency action. Petitioners seek judicial review of the Bureau of Land Management's ("BLM") approval of Jonah Energy LLC's Normally Pressured Lance Project ("NPL Project") for the development of natural gas wells across a large area in Sublette County, Wyoming. Petitioners argue the BLM failed to consider and disclose significant environmental impacts of the NPL Project before it was authorized. The NPL Project area encompasses habitat for Greater sage-grouse. Petitioners allege the BLM authorized development without first assessing the impacts to the Greater sage-grouse and this prime winter habitat referred to as "winter concentration areas." Petitioners assert that in June of 2018, the BLM abandoned is previous commitment to defer development in winter concentration areas for the Greater sage-grouse, of which a large portion of the NPL Project is located, until the impact of the development was studied. Petitioners claim the BLM created a new alternative that would authorize development in winter concentration areas but require a concurrent study on the effects to the Greater sage-grouse. One of the challenges Petitioners raise in this action is claiming the BLM failed to adequately analyze the impacts of the NPL Project on the Greater sage-grouse in this winter concentration area in violation of the National Environmental Policy Act ("NEPA").

In the instant Motion, Petitioners move to supplement the administrative record by adding the Declaration of Dr. Clait E. Braun, which identifies relevant factors the BLM should have considered but ignored before issuing a decision. Petitioners argue that in the NEPA context, which we have here, supplementation is appropriate to fill gaps and address inadequacies in the BLM's Environmental Impact Statement ("EIS") analysis. Petitioners claim the briefing in this matter will identify large gaps in the BLM's EIS, and also argue that

2

the BLM failed to take the requisite hard look at the effects of drilling in winter concentration areas on sage-grouse populations. Petitioners claim NEPA regulations establish procedures for how an agency is to proceed with incomplete information and argue the BLM did not follow the established procedures. Specifically, Petitioners argue the BLM did not obtain the information it deemed missing regarding the impacts of drilling on the Sage-grouse winter concentration area. Petitioners further assert the Declaration is necessary to fill in the gaps and address the inadequacies in the BLM's decision by:

> attesting (1) that this missing information on baseline habitat use and the impacts of gas field development in Winter Concentration Areas is "relevant to reasonably foreseeable significant adverse impacts" to greater sage-grouse, 40 C.F.R. § 1502.22(a); Exhibit A at ¶¶ 17-18, 29-37, 40; (2) that several methods existed for BLM to obtain this missing information at a non-exorbitant cost, 40 C.F.R. § 1502.22(b); Exhibit A at ¶¶ 31-32, 38-41; and (3) that an evaluation of such impacts was also possible based on "theoretical approaches or research methods generally accepted in the scientific community," 40 C.F.R. § 1502.22(b)(4)

Petitioners' Memorandum in Support of Motion to Supplement the Administrative Record, ECF No. 40, Sept. 23, 2020 at 8.

Respondent BLM opposes Petitioner's Motion to Supplement the Record. The BLM argues Petitioners cannot show the extraordinary circumstances necessary for supplementing the administrative record because the BLM considered the available research on sage-grouse, including their winter range. The BLM noted there was limited research on sage-grouse use of winter concentration areas within the NPL Project and decided to allow development with in these areas only on a limited scale and while conducting concurrent studies to better understand the impacts on sage-grouse in the winter concentration areas. The BLM claims this was done after analyzing impacts utilizing existing studies on the impacts of development in winter ranges. The BLM claims the Certified Administrative Record already includes, in

one form or another, eleven of the fifteen articles cited in the Declaration.  Therefore, the BLM argues the Declaration is a post hoc opinion of a researcher who disagrees with the decision. The BLM goes on to argue the Motion is untimely because Petitioners could have submitted the Declaration with their comments.

Respondent-Intervenor Jonah Energy, LLC ("Jonah Energy") also opposes the Motion to Supplement the Record.  Jonah Energy argues the Court should not consider the Declaration because it was prepared two years after the NPL Project was approved, so there is no way it could have been considered when approving the project.  Next, Jonah Energy argues the Declaration is not offered to "fill in the gaps or address inadequacies" but rather to dispute the BLM's decision.  Jonah Energy goes on to argue that supplementing the administrative record with the Declaration would circumvent the principles of administrative exhaustion, and claims that the information and studies relied upon in the Declaration were available well before the decision was issued and Petitioners' failure to raise these concerns before the decision was issued should not be rewarded.

Respondent-Intervenor the State of Wyoming ("Wyoming") also opposes the Motion to Supplement the Record.  Wyoming argues Petitioner's request to supplement the administrative record is not permissible because the BLM did not fail to mention or address serious environmental impacts.  Rather, Wyoming claims the Declaration only provides a list of literature and alternative studies the BLM could have relied upon.  Wyoming argues the Declaration is merely a competing expert opinion challenging the BLM's use of scientific literature in imposing surface use restrictions and continuing its own studies to monitor the effects on development in winter concentration areas on the NPL project. As such, Wyoming claims the Declaration is an impermissible competing expert opinion.  Wyoming goes on to

argue the Motion is untimely because all the scientific literature identified in the Declaration, with the exception of one article, was available before the BLM issued its decision and Petitioner offers no explanation why the opinions were not offered during the public comment period.

## Standard of Review

"The APA governs judicial review of agency action, requiring a reviewing court to 'hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Biodiversity Conservation All. v. U.S. Forest Serv.*, No. 11-CV-226-S, 2012 WL 3265865, at *1 (D. Wyo. Jan. 4, 2012) (quoting 5 U.S.C. § 706(2)(A)).  A district court's review of an agency decision is limited to whether the challenged action or inaction meets the requisite standard based on the administrative record before the agency at the time the decision was made.  5 U.S.C. § 706. The Supreme Court has stated the review of an agency decision is limited to  "the full administrative record that was before the Secretary at the time he made his decision." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420, (1971).  A court may not rely on evidence outside the administrative record absent extraordinary circumstances.  *Am. Mining Cong. v. Thomas*, 772 F.2d 617, 626 (10th Cir. 1985); U.S.D.C.L.R Rule 83.6(b)(3) for District of Wyoming.  The 10th Circuit has recognized five possible exceptions wherein a party is allowed to introduce evidence outside the record:

> (1) the agency action is not adequately explained and cannot be reviewed properly without considering the cited materials; (2) the record is deficient because the agency ignored relevant factors it should have considered in making its decision; (3) the agency considered factors that were left out of the formal record; (4) the case is so complex and the record so unclear that the reviewing court needs more evidence to enable it to understand the issues; and (5) evidence coming into existence after the agency acted demonstrates the actions were right or wrong.

*Id*.  (citing *Custer County Action Assn v. Garvey,* 256 F.3d 1024, 1028 n. 1 (2001)). "Generally, however, documentation and evidence suitable for annexing to an agency's designated record takes two distinct, yet often confused, forms: (1) materials which were actually considered by the agency, yet omitted from the administrative record ('completing the record'); and (2) materials which were not considered by the agency, but which are necessary for the court to conduct a substantial inquiry ('supplementing the record')." *Water Supply & Storage Co. v. U.S. Dep't of Agric.*, 910 F. Supp. 2d 1261, 1265 (D. Colo. 2012).

### RULING OF THE COURT

The Tenth Circuit has made clear the "designation of the Administrative Record, like any established administrative procedure, is entitled to a presumption of administrative regularity.  The court assumes the agency properly designated the Administrative Record absent clear evidence to the contrary." *Citizens For Alternatives To Radioactive Dumping v. U.S. Dep't of Energy*, 485 F.3d 1091, 1097 (10th Cir. 2007) (citations omitted).  However, courts have considered extra-record materials in "extremely limited" circumstances, such as where the agency ignored relevant factors it should have considered or considered factors left out of the formal record." *Lee v. U.S. Air Force*, 354 F.3d 1229, 1242 (10th Cir. 2004) (internal quotations and citations omitted).  In NEPA cases courts have conducted an initial review of extra-record evidence to determine if any of the limited circumstances are present.  "[S]uch an initial review may illuminate whether an EIS has neglected to mention a serious environmental consequence, failed adequately to discuss some reasonable alternative, or otherwise swept stubborn problems or serious criticism . . . under the rug." *Id*. (internal quotations and citations omitted).  "[I]n NEPA cases . . . a primary function of the court is to insure that the information available to the decision-maker includes an adequate discussion of environmental effects and

alternatives, which can sometimes be determined only by looking outside the administrative record to see what the agency may have ignored." *Colorado Wild v. Vilsack*, 713 F. Supp. 2d 1235, 1241 (D. Colo. 2010) (internal quotations and citations omitted). "This exception is based on a crucial distinction between judicial review of substantive agency decisions and judicial review of an agency's compliance with the procedural requirements of NEPA." *Id*. (internal quotations and citations omitted).

In sum, Respondents argue the Declaration is inadmissible because: Petitioners have failed to establish any of the circumstances necessary for supplementation of the administrative record; Petitioners should have offered the Declaration during the comments period; all available research was considered; the record already includes eleven of the fifteen articles cited in the Declaration; and Petitioners are not offering the Declaration to fill in gaps or address inadequacies, but to dispute the decision.

The Court finds these arguments, while colorable, are not sufficient to deny Petitioners' request to supplement the administrative record in this action. "[B]y its very nature Petitioners' NEPA challenge is based not on the substantive accuracy of the [BLM's] environmental assessment, but on a procedural failure—the failure to consider the impacts [to sage-grouse]." *Colorado Wild*, 713 F. Supp. 2d at 1241. The extra-record Declaration at issue here is important in the "NEPA context where a party challenges not the merits of the agency's decision, but the sufficiency of the process followed in reaching it." *Id*. Petitioners claim the Declaration seeks to fill in the gaps or inadequacies by identifying factors the BLM should have considered but that Petitioner alleges it purposefully ignored. Respondents are correct in the assertion that much of the Declaration amounts to Dr. Braun offering his expert opinion disagreeing with the BLM's decision. However, Petitioners have presented sufficient

information showing that at least some of the Declaration attempts to addresses the alleged procedural failures by the BLM when considering the impact of the decision on the sage-grouse and the winter range.  Further, allowing the Declaration will cause minimal prejudice given the fact the record already includes eleven of the fifteen articles cited in the Declaration. Therefore, the Declaration is admissible for the limited purpose of showing "either that the [BLM's] analysis was clearly inadequate or that the [BLM] improperly failed to set forth opposing views widely shared in the relevant scientific community."  *Id*.  The Declaration is not "admitted for purposes of providing an opposing expert opinion in opposition to the substantive result of the [BLM's] NEPA process."  *Id*. ("Extra-record evidence which is actually a competing expert opinion, however, may not be admitted under the guise of the NEPA exception.").

THERFORE IT IS ORDERED Petitioner's Motion to Supplement the Administrative Record [Doc. 39] is GRANTED in PART.

IT IS FURTHER ORDERED the Declaration of Dr. Braun is admitted for the limited purposed of addressing the alleged procedural deficiency of the BLM's NEPA compliance.

Dated this 6th day of November, 2020.

Kelly H. Rankin
U.S. Magistrate Judge